IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL F. BORDEN, | No. 2:14-cv-1400-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| GARY SWARTHOUT, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 21), petitioner's opposition (Doc. 24), and respondent's reply (Doc. 25).  Petitioner also filed an additional opposition to the respondent's reply (Doc. 27).  Such a pleading is not contemplated by the Federal Rules of Civil Procedure.  However, as petitioner filed his additional response prior to the court's review of the motion to dismiss, the court has read and considered it.  Petitioner has also filed several other motions, including a motion to strike (Doc. 23), a motion for sanctions (Doc. 26), and a motion for a ruling on his petition (Doc. 29).

/ / /

/ / /

1

## I. BACKGROUND

Petitioner is challenging his 2008 conviction out of the Sacramento County Superior Court, for residential arson, criminal threats, and possession of flammable device (Pet., Doc. 1 at 2). His conviction was affirmed by the California Court of Appeal on June 15, 2010, and by the California Supreme Court on August 18, 2010. No petition for writ of certiorari was filed with the United States Supreme Court.

Petitioner filed[1] his first state habeas petition prior to the completion of the direct review of his conviction. He filed a habeas petition in the California Court of Appeal on September 11, 2009, which was denied on September 25, 2009. His second petition was filed in the Sacramento County Superior Court on October 8, 2009, and denied on December 3, 2009. His third petition was filed in the California Supreme Court on January 11, 2010, and denied on August 11, 2010. All of these habeas petitions were filed prior to the completion of petitioner's direct appeal of his conviction, which was affirmed on August 18, 2010. Petitioner then filed an application to vacate his conviction and sentence in the California Court of Appeal on July 31, 2013, which was denied on August 26, 2013. The petition in this action was then filed on June 8, 2014.

## II. MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

---

[1] There is some dispute between the parties as to the proper filing dates to be used. However, as respondent points out in the response, the dates in question only differ by a day or so, which has no substantial impact on the discussion herein. The filing dates used provide petitioner the benefit of the mailbox rule. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition).

in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Respondent brings this motion to dismiss petitioner's habeas corpus petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).  Petitioner argues that he is entitled to statutory and equitable tolling, and that in the interest of justice, the court should address the merits of his case.

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly

filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, petitioner is challenging his 2008 conviction. Petitioner appealed his conviction to the California Court of Appeal, which affirmed his conviction on June 15, 2010. The California Supreme Court denied his petition for review on August 18, 2010. No petition for certiorari was filed in the United States Supreme Court, so the one-year limitations period

began to run 90 days thereafter, or November 16, 2010.  The statute of limitations expired one year later, November 16, 2011.

The state habeas petitions petitioner filed in 2009 and 2010 did not toll the statute of limitations, as it had not started running at the time the petitions were filed.  As there were no pending petitions in 2011, petitioner is not entitled to any statutory tolling of the statute of limitations.  Thus, petitioner had until November 16, 2011, to file his federal habeas petition.  However, it was not filed until June 8, 2014.

To the extent petitioner argues he is entitled to tolling during the time his application to vacate the conviction and sentence was filed in the California Court of Appeal, his argument has no merit.  That application was not filed until July 31, 2013.  The statute of limitations had already expired at that point, so there could be no tolling thereafter.  To the extent petitioner states he is entitled to equitable tolling, he provides no basis on which to grant equitable tolling.  Because the statute of limitations under 28 U.S.C. § 2244(d) is not jurisdictional, it is subject to traditional equitable tolling principles.  See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc).  To be entitled to equitable tolling, the petitioner must demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary circumstances prevented him from filing on time.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005).

Here, petitioner only claims he is entitled to equitable tolling because he is actually innocent of the charges to which he has been convicted.  A claim of actual innocence can be an equitable exception to the statute of limitations, not a basis for equitable tolling.   The Ninth Circuit Court of Appeals has found that "a credible claim of actual innocence" may be sufficient to have otherwise time-barred claims heard on the merits.  Lee v. Lampert, 653 F.3d 929, 932-33 (9th Cir. 2011).

/ / /

In Lee, the Court held that a credible claim of actual innocence constitutes an equitable exception to ADEPA's statute of limitations, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the merits. See id. (citing Schlup v Delo, 513 U.S. 298, 314-16 (1995)). Thus, if an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup gateway and have his constitutional claims heard on the merits. See Lee, 653 F.3d at 937 (emphasis added).

It is the petitioner's burden to produce sufficient proof of actual innocence to bring him within the narrow class of cases implicating a fundamental miscarriage of justice. See id. The petitioner must submit new, reliable evidence that undercuts the reliability of the proof of guilt and is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error. See id. at 937–38 (citing Schlup v. Delo, 513 U.S. 298, 314–16 (1995)). The evidence may be exculpatory scientific evidence, trustworthy eyewitness accounts, and critical physical evidence. A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The court considers all new and old evidence and makes a probabilistic determination of what reasonable, properly instructed jurors would do. See id. at 938. The Court in Lee expressly declined to decide what level, if any, of diligence is required for one raising the equitable exception of actual innocence. See id. at 934 n. 9.

Here, petitioner contends he is actually innocent, arguing that the prosecution committed various constitutional violation during his case. As the respondent argues, petitioner does not provide the court any evidence to support his actual innocence claim. Even if the prosecution committed errors during the pendency of his case, that argument does not bear on whether or not plaintiff was actually innocent, only whether he received a fair trial. None of the documents he provides appear to be relevant to his conviction. It is unclear to the court how

plaintiff's business contracts and financial abilities are relevant to the charges of arson, criminal threats, and possession of flammable device. Regardless, the documents and his own declaration are insufficient to meet the high standard of showing that no reasonable juror would have convicted petitioner even if they were provided those documents and arguments.

### III.   OTHER MOTIONS

Plaintiff filed a motion to strike the respondent's motion to dismiss, arguing that the state violated legal ethics and used fake evidence. However, the use of fake evidence has no effect on the basis for the motion to dismiss. There are no grounds for granting the motion to strike, which should be denied. Similarly, he is requesting the court order the State pay sanctions for acts dating back to 2007, including fraud on the courts and bad faith. Again, petitioner provides no grounds for which this court could grant such a motion. Finally, petitioner moves for this court to issue a ruling on the merits of his petition. As the undersigned finds petitioner filed his petition beyond the statute of limitation, as discussed above, dismissal of the petition without ruling on the merits is appropriate.

### V.   CONCLUSION

The undersigned finds the petitioner's federal habeas petition is untimely, as it was filed beyond the expiration of the statute of limitations, and petitioner has not met the actual innocence equitable exception to the statute of limitations.

Based on the foregoing, the undersigned recommends:

1. Respondent's motion to dismiss (Doc. 21) be granted and the petition be dismissed as filed beyond the statute of limitations; and

2. Petitioner's motion for sanctions (Doc. 26), motion for ruling (Doc. 29), and motion to strike (Doc. 23) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written

objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 11, 2016

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE